# 95 DTA 115

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE CAROLINA-FAJARDO

EL PUEBLO DE PUERTO RICO
Recurrido

ISRAEL GONZALEZ PLAZA
Acusado

v.

NEWPORT BONDING AND SURETY CO.
Peticionario

Núm. KLAN-95-00442

San Juan, Puerto Rico, a 8 de junio de 1995

Panel integrado por su presidenta, Juez Rivera de Martínez
y los Jueces Cabán Castro y Martínez Torres.

Rivera de Martínez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Mediante el presente recurso la peticionaria solicita que revisemos la determinación del Tribunal de Primera Instancia, Sala Superior de Carolina, por voz de la honorable juez Crisanta González de Rodríguez, confiscando la fianza prestada por Newport Bonding and Surety Co., a favor del Estado Libre Asociado de Puerto Rico.

Bajo los términos del Artículo 4.002 (a) del Plan de Reorganización Núm. 1 de la Rama Judicial de 28 de julio de 1994, conocido como la *"Ley de la Judicatura de Puerto Rico de 1994"*, este recurso no cumple con los requisitos para poderlo aceptar como una apelación. Nada nos impide, sin embargo, que podamos acogerlo como uno de *Certiorari*, cumpliendo el mismo con las reglas aplicables, particularmente, con las 18 y 19 del Reglamento del Tribunal de Circuito de Apelaciones. En nuestro sistema ha prevalecido siempre el principio justiciero de que cualquier defecto en la denominación del pleito o en la súplica del remedio no será óbice para que el Tribunal conceda el remedio que proceda de acuerdo con las alegaciones y la prueba. *Schmidt Monge v. Torres,* 115 D.P.R. 414 (1984); *Municipio de Cayey v. Angel Soto Santiago,* **92 J.T.S. 97.** Véase, además, José A. Cuevas Segarra, *Práctica Procesal Puertorriqueña, Procedimiento Civil,* **Publicaciones J.T.S.,** pág. 342.

### I

El 28 de diciembre de 1992, el Tribunal de Primera Instancia, en el caso de epígrafe, emitió una sentencia confiscando la fianza criminal, prestada por Newport Bonding and Surety Co., (en adelante la peticionaria). Dicha sentencia fue notificada a todas las partes el 12 de enero de 1993.

El 7 de noviembre de 1994, el Secretario de Justicia solicitó una orden de embargo para ejecutar la sentencia de confiscación, de conformidad con lo establecido en la Regla 227 de Procedimiento Criminal, 34 L.P.R.A. Ap. II R. 227. El 21 de diciembre de 1994, el Tribunal de Instancia emitió una orden de expedición de mandamiento, para la ejecución de la sentencia.

El 28 de diciembre de 1994, la peticionaria presentó una moción solicitando relevo de sentencia basada en que el acusado estaba encarcelado en la Penitenciaría Estatal de Río Piedras, para el 27 de enero de 1993, y que, la razón por la cual no pudo solicitar a tiempo la exoneración de la confiscación de la fianza se debió a que el apoderado, Iván Beníquez Díaz, empleado para esa fecha de Newport, no puso a la peticionaria (Newport) en posición de solicitar el relevo de la sentencia dictada.

El 5 de enero de 1995, el Secretario de Justicia se opuso a la moción de relevo de sentencia. En resumen, expuso que la peticionaria dejó pasar todos los términos legales que dispone la Regla 227 de Procedimiento Criminal, para exonerar la confiscación de la fianza, por lo que la sentencia recurrida era una final y firme.

Ante esa oposición, la peticionaria presentó una réplica a la cual unió la certificación acreditando que el acusado estaba en la cárcel para el 27 de enero de 1993, por lo que concluía, que el ministerio público y el tribunal tenían o debieron haber tenido conocimiento del paradero del acusado, y pudieron haber forzado su comparecencia, para enjuiciarlo.

Así las cosas, el 17 de febrero de 1995, el Tribunal de Primera Instancia dictó una orden en la que expresó: *"A la moción de relevo de sentencia no ha lugar por haber transcurrido el término".* La misma fue archivada en autos el 1 de marzo de 1995.

El 7 de marzo de 1995, la peticionaria presentó una moción de reconsideración. El tribunal acogió la reconsideración y ordenó al Secretario de Justicia a que presentara su posición al respecto. El 21 de marzo de 1995, éste radicó moción de oposición.

Atendiendo la moción de reconsideración de la peticionaria, el 29 de marzo de 1995, el tribunal de instancia emitió una orden expresando: *"A la moción de reconsideración no ha lugar"*. Dicha orden fue notificada el 3 de abril de 1995. Ante una segunda moción de reconsideración, el 20 de abril de 1995, el tribunal de instancia volvió a reafirmarse en su dictamen de no ha lugar. El 3 de mayo de 1995, la peticionaria presentó el recurso ante nuestra consideración.

## II
La mencionada Regla 227 de Procedimiento Criminal, en lo pertinente reza como sigue:

*"Si el acusado dejare de cumplir con cualquiera de las condiciones de la fianza, el tribunal al que correspondiere conocer del delito ordenará a los fiadores o al depositante que muestren causa por la cual no deba confiscarse la fianza o el depósito. La orden se notificará personalmente o se remitirá por correo certificado a la dirección que se le conociere a los fiadores o a sus representantes, agentes o apoderados o al depositante. **En los casos en que el fiador tenga un apoderado, agente o representante, la debida notificación a este último surtirá los mismos efectos que si se hiciera al fiador.***

*Si los fiadores o el depositante explicaren satisfactoriamente el incumplimiento en que se funda la orden, el Tribunal podrá dejarla sin efecto bajo las condiciones que estimare justas.*

***De no mediar explicación satisfactoria para tal incumplimiento, el Tribunal procederá a dictar sentencia sumaria contra los fiadores o el depositante confiscando el importe de la fianza o depósito pero la misma no será firme y ejecutoria hasta cuarenta (40) días después de haberse notificado. Si dentro de ese período los fiadores llevaren al acusado a la presencia del tribunal, éste dejará sin efecto dicha sentencia.***

*Transcurrido el período antes prescrito y en ausencia de muerte, enfermedad física o mental del fiado, sobrevenida antes de la fecha en que sea dictada la sentencia ordenando la confiscación de la fianza, el fiador responderá con su fianza por la incomparecencia del acusado al Tribunal.*

*Convertida en firme y ejecutoria una sentencia confiscando la fianza o el depósito, el Secretario del tribunal, sin necesidad de ulterior requerimiento, remitirá inmediatamente copia certificada de dicha sentencia al Secretario de Justicia para que proceda a la ejecución de la misma de acuerdo a la Regla 51 de las Reglas de Procedimiento Civil para el Tribunal General de Justicia, Ap. III del Título 32, e igualmente remitirá al Secretario de Hacienda el depósito en su poder.*

***Disponiéndose, que el Tribunal a su discreción podrá dejar sin efecto la sentencia de confiscación*** *en cualquier momento anterior a la ejecución de dicha sentencia, siempre que medien las siguientes circunstancias:*

*(1) Que los **fiadores** hayan producido al acusado ante el Tribunal.*

*(2) Que el Tribunal constate a su satisfacción el hecho anterior. La solicitud para que deje sin efecto la sentencia se hará mediante moción la cual se presentará dentro de un término razonable **pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden.** Una moción a tales fines no afectará la finalidad de una sentencia, ni suspenderá sus efectos."* (Enfasis suplido).

La peticionaria presentó su moción de relevo de sentencia un año y once meses después de haberse archivado en autos copia de la notificación de la sentencia de confiscación de fianza. La razón de su tardanza la atribuyó, ante el Tribunal de Primera Instancia, a que el apoderado, Iván Beníquez Díaz, no la puso en condiciones de hacer la petición a tales efectos. Este argumento no fue repetido ante nos, tal vez porque la peticionaria está consciente de que el mismo carece de méritos y no justifica su inacción. La Regla 227 dispone que la notificación al apoderado surte los mismos efectos que si se hubiera notificado al fiador. Así, notificado su apoderado, Newport estaba en posición de presentar su moción de relevo dentro de los seis meses siguientes al registro de la sentencia.

De otra parte, la argumentación en el sentido de que estando el acusado en la cárcel, el ministerio público y el tribunal tenían o debieron haber tenido conocimiento de su paradero y forzar su comparecencia, no es correcta, pues es al fiador específicamente a quien la Regla 227 antes citada, le impone la obligación de producir el acusado o como en este caso, de informar al tribunal del paradero del acusado, y no al Ministerio Público.

Dicha regla es clara a los efectos de conceder discreción limitada al tribunal para poder dejar sin efecto la sentencia. Si no se cumplen con los requisitos que impone la misma, no hay discreción alguna para el relevo de sentencia. Al examinar los requisitos, a la luz de las circunstancias particulares que atañen al presente caso, la moción para dejar sin efecto la sentencia no cumplía con uno sólo de ellos, por lo cual la honorable Juez del tribunal de instancia ejerció correctamente su discreción.

La peticionaria evidentemente dejó transcurrir todos los términos legales, y está impedida en este momento de reclamar del tribunal que se deje sin efecto la determinación ordenando la confiscación de la fianza.

### III

Por haber sido radicado el recurso como apelación, aunque lo acogimos como *certiorari*, hemos tenido el beneficio de analizar la posición de ambas partes. Por ello, expedimos el auto y confirmamos la sentencia de confiscación y las órdenes recurridas.

Lo acordó el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General